UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| NORTH SOUND CAPITAL LLC, *et al.*, | : : : | Civil Action No. 13-7240 (FLW)(DEA) |
| v. | : : | **ORDER** |
| MERCK & CO., INC. f/k/a SCHERING-PLOUGH CORPORATION, *et al.*, \_\_\_\_ | : : : : | |
| GIC PRIVATE LIMITED, | : : : | Civil Action No. 13-7241 (FLW)(DEA) |
| v. | : : | |
| MERCK & CO., INC. f/k/a SCHERING-PLOUGH CORPORATION, *et al.*, | : : : : | |
| NORTH SOUND CAPITAL LLC, *et al.*, | : : : | Civil Action No. 14-0242 (FLW)(DEA) |
| v. | : : | |
| MERCK & CO., INC., *et al.*, \_\_\_\_ | : : : : | |
| GIC PRIVATE LIMITED, | : : : | Civil Action No. 14-0241(FLW)(DEA) |
| v. | : : | |
| MERCK & CO., INC., *et al.*, | : : | |

THIS MATTER having been opened to the Court by Brian M. English, Esq., on behalf of Defendants Merck & Co., Inc. f/k/a Schering-Plough Corporation, Merck/Schering-Plough Pharmaceuticals, MSP Distribution Services (C) LLC, MSP Singapore Company LLC, Fred Hassan, and Carrie S. Cox (collectively "Defendants"), on a Motion seeking certification of an interlocutory order and a temporary stay pursuant to 28 U.S.C. § 1292(b); it appearing that Plaintiffs CFSIL ATF CMLA International Share Fund, CFSIL Wholesale Geared Global Shared

1

Fund, CFSIL-CFS Wholesale Acadian Global Equity Fund, CFSIL-CFS Wholesale Global Health & Biotechnology Fund, CFSIL-CFS Wholesale Global Share Fund, CFSIL-CFS Wholesale Indexed Global Share Fund, CFSIL-Commonwealth Global Shares Fund 2, CFSIL-Commonwealth Global Shares Fund 4, CFSIL-Commonwealth Global Shares Fund 6, CFSIL-Commonwealth Specialist Fund 13, Colonial First State Investments LTD, North Sound Capital LLC, North Sound Legacy Institutional, North Sound Legacy International, and United Food Commercial Workers Local 1500 Pension Fund (collectively "Plaintiffs"), through their counsel, Karina Kosharskyy, Esq., oppose the motion. The Court finds:

1. On August 26, 2015, this Court denied Defendants' motion to dismiss, finding that (1) the five-year limitation periods, found in 28 U.S.C. § 1658(b), that govern Plaintiffs' federal securities claims are statutes of repose; (2) the tolling doctrine set forth in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) is a "legal" tolling doctrine; and (3) applying *American Pipe* tolling in these matters would not "abridge, enlarge, or modify" Plaintiffs' substantive rights.

2. On September 30, 2015, Defendants filed the instant motion seeking a temporary stay and certification of the following two questions to the United States Court of Appeals for the Third Circuit:

    a. "Whether the tolling rule set forth in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) ("*American Pipe*") is 'legal' or 'equitable' in nature"; and

    b. "Whether interpreting *American Pipe* tolling to extend the five-year statutes of repose under the Securities Exchange Act of 1934 would abridge Defendants' substantive rights, enlarge Plaintiffs' substantive rights, or

2

       otherwise modify any substantive right within the meaning of the Rules Enabling Act, 28 U.S.C. § 2072(b)."

3. 28 U.S.C. § 1292 (b) permits district court judges to certify an interlocutory order to the Court of Appeals where "such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]"

4. The parties do not appear to dispute that the questions presented for certification represent "controlling question[s] of law" in these matters.

5. There is "substantial ground for difference of opinion" concerning the questions presented for certification because there is no controlling case law from the Third Circuit, and sister Courts of Appeal have split on the issues.

6. Finally, an immediate appeal from this Court's Order "may materially advance the ultimate termination of the litigation" because a reversal by the Third Circuit would render moot Plaintiffs' federal securities claims; there would be no other basis for federal jurisdiction and the Court would likely elect not to exercise jurisdiction over the remaining pendent state law claims.

Accordingly, the Court having considered the parties' written submissions in connection with the motion pursuant to Federal Rule of Civil Procedure 78, for the reasons set forth above, and for good cause shown,

    **IT IS** on this 7th day of January, 2016,

    **ORDERED** that the following questions of law are certified to the United States Court of Appeals for the Third Circuit:

1. Whether the tolling rule set forth in *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) is "legal" or "equitable" in nature;

2. Whether interpreting *American Pipe & Constr. Co. v. Utah*, 414 U.S. 538 (1974) tolling to extend the five-year statutes of repose under the Securities Exchange Act of 1934 would abridge Defendants' substantive rights, enlarge Plaintiffs' substantive rights, or otherwise modify any substantive right within the meaning of the Rules Enabling Act, 28 U.S.C. § 2072(b); and

**IT IS FURTHER ORDERED** that the above-captioned cases are administratively terminated pending resolution of the appeal.

>/s/ Freda L. Wolfson
>The Honorable Freda L. Wolfson
>United States District Judge