**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**
**(609) 989-2182**

CHAMBERS OF
FREDA L. WOLFSON
CHIEF JUDGE

Clarkson S. Fisher Federal Building &
U.S. Courthouse
402 East State Street
Trenton, New Jersey 08608

**LETTER ORDER**

May 19, 2020

Brian M. English, Esq.
Tompkins, McGuire, Wachenfeld & Barry, LLP
Four Gateway Center
100 Mulberry Street
Newark, New Jersey 01702

Karina Kosharskyy, Esq.
Kirby McInerney LLP
250 Park Avenue, Suite 820
New York, New York 10177

   **RE:**  *North Sound Capital LLC, et al. v.*
      *Merck & Co., Inc. F/K/A/ Schering-Plough Corp, et al.*,
      **Civ. Action No. 13-07240 (FLW)**

Counsel:

  Presently before the Court is a motion, filed by Defendants, to dismiss the Complaint of Plaintiffs, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure and 28 U.S.C. § 1367(c)(3).[1] Plaintiffs are sixteen institutional investors that opted out of two class actions in this District and then, after the class actions were settled and dismissed, commenced four individual actions (the "Individual Actions") against Defendants.[2] In their complaints in the

---

[1] "Plaintiffs" are, collectively, GIC Private Limited, North Sound Capital LLC, North Sound Legacy International, North Sound Legacy Institutional, United Food Commercial Workers Local 1500 Pension Fund, Colonial First State Investments Ltd., and 10 funds managed by Colonial First State Investments Ltd. "Defendants" are, collectively, Merck & Co., Inc. ("Merck"), Merck/Schering-Plough Pharmaceuticals, MSP Distribution Services (C) LLC, MSP Singapore Company LLC, Richard T. Clark, Deepak Khanna, Fred Hassan and Carrie S. Cox.

[2] The Individual Actions include the above-referenced action, as well as the following three actions: *GIC Private Ltd. v. Merck & Co., Inc. F/K/A Schering-Plough Corp.*, Civ. Action No. 13-07241 (FLW); *GIC Private Ltd. v. Merck & Co., Inc.*, Civ. Action No. 14-00241 (FLW); *North Sound Capital LLC v. Merck & Co., Inc.*, Civ. Action No. 14-00242 (FLW).

Individual Actions, Plaintiffs asserted claims under the federal securities laws, as well as a claim for fraud under state common law.  Plaintiffs' federal claims were all subsequently dismissed by the Court or by the Third Circuit, on appeal.  In the present motion, Defendants argue that the Court should decline to exercise supplemental jurisdiction over the remaining pendant state law claim.  Because the issues raised in Defendants' motion are not complex, in lieu of a formal opinion, the Court renders its decision in this Letter Order, and grants the motion.

*   *   *

Given the parties' familiarity with the facts and procedural history of this case, I will recount the background only to the extent it is relevant to the present motion.  On January 30, 2015, Defendants moved to dismiss Plaintiffs' claims in the Individual Actions, arguing that (1) Plaintiffs' federal securities claims were barred by five-year statutes of repose under the Exchange Act, and that (2) Plaintiffs' pendent state law fraud claim should be dismissed for lack of supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c)(3), or in the alternative, should be dismissed for failure to adequately plead the element of reliance.  (*See* ECF Nos. 18-20.)[3]  This Court denied Defendants' motions to dismiss the federal securities claims, and thus did not reach the issue of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.  (*See* ECF Nos. 21 at 23 n. 20, 22.)  The Court also determined that Plaintiffs had adequately pled the reliance element of their pendent state law fraud claim for purposes of a motion to dismiss.  (*See* ECF Nos. 21 at 23-26.)

Subsequently, on January 7, 2016, the Court certified the statute of repose question for an immediate appeal to the Third Circuit.  (*See* ECF No. 29.)  In certifying an interlocutory appeal, the Court noted that, if reversed by the Third Circuit, "the Court would likely elect not to exercise jurisdiction over the remaining pendent state law claims." (*Id*. at 3.)  On February 11, 2016, the Third Circuit agreed to hear an interlocutory appeal.  (*See* ECF No. 30.)  On August 2, 2017, the Third Circuit issued an Opinion and entered a Judgment reversing the denial of Defendants' motions to dismiss the federal securities claims. (*See* ECF No. 33.)  On August 24, 2017, the Third Circuit issued a Mandate directing the Court to dismiss all of the federal claims.  (*See* ECF No. 34.)  Pursuant to the Third Circuit's Mandate, this Court dismissed all of Plaintiffs' federal claims on August 30, 2017, leaving only a pendent state law fraud claim in these cases.  (*See* ECF No. 40.)

On August 25, 2017, pursuant to multiple Court-ordered Stipulations, Defendants renewed their motions to dismiss Plaintiffs' pendent state law fraud claim, arguing that the claim was barred by the Securities Litigation Uniform Standards Act of 1998 ("SLUSA"), or in the alternative, that the Court lacked supplemental jurisdiction under 28 U.S.C. § 1367(c)(3).  (*See* ECF Nos. 36-37.)  On May 15, 2018, this Court issued an Opinion and Order dismissing the state law fraud claim pursuant to SLUSA.  (*See* ECF Nos. 47-48.)  Because the Court found that dismissal was appropriate under SLUSA, the Court again declined to reach the issue of supplemental jurisdiction. (*See* ECF No. 48 at 47 n. 34.)

On June 13, 2018, Plaintiffs appealed this Court's dismissal of their state law fraud claim.  (*See* ECF No. 49.)  On September 12, 2019, a divided panel of the Third Circuit reversed the

---

[3] The citations to "ECF No. __" in this Letter Order are to the docket entries in the above-referenced action.  Similar filings were also entered in the other three Individual Actions.

Court's dismissal in a case of first impression under SLUSA. *See N. Sound Capital LLC v. Merck & Co., Inc.*, 2019 WL 4309663 (3d Cir. Sept. 12, 2019). As relevant here, the panel recognized that Defendants had previously moved to dismiss the state law fraud claim for lack of supplemental jurisdiction, and stated that Defendants "may do so again" upon remand. *See id.* at *10 n.11. Noting that dismissal was presumptive but not mandatory, the panel "le[ft] this determination to the discretion of the District Court." *Id*.

\* \* \*

The federal supplemental jurisdiction statute specifies that a district court may decline to exercise supplemental jurisdiction if it has "dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). In exercising its discretion, "the district court should take into account generally accepted principles of 'judicial economy, convenience, and fairness to the litigants.'" *Growth Horizons, Inc. v. Delaware County,* 983 F.2d 1277, 1284 (3d Cir. 1993) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966)). Where the federal claims are dismissed at an early stage in the litigation, courts generally decline to exercise supplemental jurisdiction over state claims. *United Mine Workers*, 383 U.S. at 726; *Growth Horizons, Inc.*, 983 F.2d at 1284-1285. Indeed, under Third Circuit precedent, a presumption against exercising supplemental jurisdiction arises where, as here, all claims over which the court had original jurisdiction are dismissed "before trial." *See Hedges v. Musco*, 204 F.3d 109, 123 (3d Cir. 2000) (affirming dismissal of state law claims for lack of supplemental jurisdiction at summary judgment stage). However, as the Third Circuit panel recognized in Plaintiffs' appeal, the "presumption that a district court should decline to exercise supplemental jurisdiction if it has dismissed all original-jurisdiction claims is just that—a presumption and not a rule." *N. Sound Capital LLC*, 2019 WL 4309663, at *10 n.11 (internal quotation marks and citation omitted).

\* \* \*

In this case, pursuant to a Mandate from the Third Circuit, this Court dismissed all of Plaintiffs' federal claims on a motion to dismiss—well in advance of trial. Thus, the presumption against exercising supplemental jurisdiction over Plaintiffs' pendent state law claim applies here. Moreover, as discussed below, the Court finds that Plaintiffs have not demonstrated that judicial economy, convenience, and fairness to the parties override the presumption.

Here, with respect to judicial economy, although many years have passed because of the procedural posture of this case, the Court has so far considered only pure threshold issues of law at the motion to dismiss stage of the litigation. Indeed, the Court has not yet developed familiarity with the facts of the Individual Actions by presiding over any settlement discussions, discovery disputes, factual disputes, or status conferences. Under such circumstances, the interests of judicial economy cut against having this already-overburdened Court to preside over four individual cases that arise solely under New Jersey law. *See MHA, LLC v. Siemens Healthcare Diagnostics, Inc.*, 2017 WL 1352215, at *2 (D.N.J. Apr. 7, 2017) (finding that remand of pendent state law claim would "'serve the goals of judicial economy and comity by allowing the New Jersey courts to apply New Jersey law'") (citation omitted); *cf. Thomas v. Board. of Education of Brandywine School District*, 759 F. Supp. 2d 477, 499 (D. Del. 2010) (declining to dismiss plaintiffs' state law claims where it had already "expended substantial resources on th[e] case" for "more than two and one-half years . . . including resources devoted to presiding over mediation and later preparing for

3

and hearing oral argument on—and writing this opinion resolving—the pending motion for summary judgment").[4]

In addition, the Court finds that convenience and fairness to the parties do not weigh in favor of overriding the presumption against exercising supplemental jurisdiction in this case. While the Individual Actions were commenced over six years ago, the length of time that these cases have been pending in federal court is not attributable to any progress in litigating the pendant state law claim. Instead, the length of time is attributable to the following unique circumstances (some of which were brought about by Plaintiffs themselves): (1) the cases were temporarily stayed when the U.S. Supreme Court granted certiorari to decide a dispositive threshold issue of federal law, only to later dismiss the Writ as improvidently granted in that case; (2) that same issue was then decided by this Court but certified (on Plaintiffs' motion) for an interlocutory appeal to the Third Circuit pursuant to 28 U.S.C. § 1292(b), resulting in dismissal of all federal claims after the U.S. Supreme Court decided the issue in another case; and (3) another dispositive legal issue of subject-matter jurisdiction over the state law claim was then decided by this Court in a case of first impression under SLUSA, but reversed (following Plaintiffs' appeal) by a divided Third Circuit panel. What remains now is a state law claim that does not implicate any federal issues.

More importantly, in the Individual Actions, there have been no preliminary conferences, no preliminary discovery, no evidentiary hearings, and no motions practice beyond the pleading stage. Indeed, the previous motions to dismiss that were decided by this Court, based on the federal statute of repose and SLUSA, involved discrete threshold issues of federal law that have little to no bearing on Plaintiffs' state law claim going forward. Thus, the Court's initial ruling on the pleadings will not significantly lessen the efforts that the parties, or any state court, will need to expend on future disputes in these cases over the months and years ahead.

In sum, the Court is not persuaded that it should exercise discretionary supplemental jurisdiction over a common law fraud claim that has not yet been litigated beyond the pleading stage, arises purely under state law, and implicates no federal concern. Accordingly, Defendants' motion to dismiss is **GRANTED**, as this Court declines to exercise supplemental jurisdiction over the remaining pendant state law claim pursuant to 28 U.S.C. § 1367(c)(3). However, Plaintiffs may bring their state law claim in state court within 30 days from the date of this Order, pursuant to 28 U.S.C § 1367(d), during which time, the applicable statute of limitation is tolled.

---

[4] I note that several of the cases that Plaintiffs cite in their opposition are either inapposite or, instead of providing support their position, actually counsel in favor of granting Defendants' motion. Plaintiffs' citation to *Thomas v. Board. of Education* is one example. Other examples include: *Williams v. Newark Beth Israel Med. Ctr.*, 322 F. App'x 111, 113 (3d Cir. 2009) (retaining pendent jurisdiction where plaintiff withdrew her own federal claims "after extensive discovery" and sought to manipulate the forum to shield her state law claims from summary judgment); *Miller Aviation v. Milwaukee Cty. Bd. of Supervisors*, 273 F.3d 722, 732 (7th Cir. 2001) (after considering twenty-two motions, holding nine hearings, and issuing nineteen orders, including a 71-page decision, district court had developed a "mastery of the minutiae of airport administration, aviation commerce, as well as the inner workings of the various decision-making processes within Milwaukee County's government"). None of the factual scenarios presented in those cases are present here.

      The Clerk of the Court is directed to file this Letter Order on the dockets of Civ. Action Nos. 13-07241; 14-00241; 14-00242; 13-7240.

/s/ Freda L. Wolfson  
Hon. Freda L. Wolfson  
U.S. Chief District Judge
